# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:  ) 
) **JUDGE RICHARD L. SPEER**
Victoria A. Sieger )
) Case No. 05-74783
Debtor(s) )
)

## DECISION AND ORDER

Before this Court is the Motion of Angela Casalduc for Leave to File an Adversary Complaint. At the Hearing held on this matter, the Parties were afforded the opportunity to make arguments in support of their respective positions. The Parties were also afforded the opportunity to supplement their arguments with post-hearing briefs, with the Movant, but not the Debtor, then filing a memorandum in support of her motion. After considering the arguments presented by the Movant, as well as those arguments made by the Debtor *contra*, the Court finds that the Movant's Motion should be Granted as provided herein.

## BACKGROUND

The underlying circumstances, relevant to the Movant's Motion for Leave to File an Adversary Complaint, reflect these events:

On March 12, 2002, the Movant added the Debtor, her daughter, to her bank account.

On October 14, 2005, the Debtor filed a voluntary petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.

On April 24, 2006, the Debtor withdrew approximately $35,000.00 from the Movant's bank account.

In re Victoria Sieger
Case No. 05-74783

With respect to the last statement, it is the position of the Movant that the Debtor's action was wrongful. As such, the Movant, in her brief submitted to the Court, set forth that she "intends to prove that this amount should be excepted from discharge under 11 U.S.C. § 523(a)(4)." (Doc. No. 38, at pg. 1). Section 523(a)(4) excepts from discharge any debt that result from a debtor's "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

The Movant, however, seeks leave from the Court to file her § 523(a)(4) complaint to determine dischargeability. The reason for her request: the commencement of her action under § 523(a)(4) would be untimely pursuant to FED.R.BANK.P 4007(c) – which sets forth a 60-day deadline for bringing such an action commencing "after the first date set for the meeting of creditors under § 341(a)." According to the Movant, her request is warranted for the reason that she did not receive notice of the Debtor's bankruptcy until after the time to file a complaint under Rule 4007(c) had expired. As authority for her position, the Debtor relies on § 523(a)(3)(B) as well as equitable principles of tolling and estoppel. (Doc. No. 38, at pgs. 1-2). The Debtor, however, objects, arguing that the commencement of an action to determine dischargeability is unnecessary in light of the fact that the Trustee in this case has already filed a complaint to revoke discharge.

## LEGAL ANALYSIS

Averring that the Debtor's conduct rises to the level to except her claim from discharge under § 523(a)(4), the Movant seeks leave from the Court to file a complaint to determine dischargeability outside the 60-day time limit provided in Bankruptcy Rule 4007(c). As the Movant's request ultimately involves a matter involving the dischargeability of a particular debt, this matter is a core proceeding over which this Court has been conferred with the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(I); 28 U.S.C. § 1334.

Page 2

In re Victoria Sieger
Case No. 05-74783

The 60-day time limit of Bankruptcy Rule 4007(c), although only applicable to a select few categories of nondischargeable debts, applies to any dischargeability complaint brought pursuant to § 523(a)(4). This limitation on the right to commence an action under § 523(a)(4) arises from the interplay of Bankruptcy Rules 4007(c) with Bankruptcy Code § 523(c). First, when delineating the types of debts subject to its 60-day time limit, Bankruptcy Rule 4007(c) references § 523(c). Under § 523(c) it is then provided that certain types of debts – specifically those set forth in paragraphs (2), (4) and (6) of § 523(a) – are automatically discharged unless a creditor brings an action to determine the dischargeability of that debt.

Although potentially draconian, the 60-day time limit of Rule 4007(c) is aimed at implementing a fundamental policy of bankruptcy law: to promote the expeditious and efficient administration of bankruptcy cases. *Grossie v. Sam (Matter of Sam)*, 894 F.2d 778, 781 (5th Cir.1990). However, as argued by the Movant, the potential severity of the 60-day time limit is ameliorated in a couple of ways. First, the filing deadline of Bankruptcy Rule 4007(c) is not jurisdictional, but is rather in the nature of a statute of limitation, and therefore is generally subject to the equitable defenses of waiver, estoppel and tolling. *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 343-44 (6th Cir. 2003). Additionally, the Movant points to § 523(a)(3)(B) as an alternative basis for relief.

Under § 523(a)(3)(B), a creditor holding a claim "of the kind" set forth in either paragraph (2), (4), or (6) of § 523(a) is not subject to the 60-day time limited imposed by Bankruptcy Rule 4007(c) so long as the creditor is without notice of a debtor's bankruptcy. In full, this provision provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

Page 3

In re Victoria Sieger
Case No. 05-74783

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit–
>
>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

The purpose of this provision is straightforward: to preserve a creditor's right of due process. *Jones v. Warren Construction (In re Jones)*, 296 B.R. 447, 450 (Bankr. M.D.Tenn. 2003).

Yet, to the extent that the Movant maintains a viable claim under § 523(a)(3)(B), its net effect is to moot, for all practicable purposes, the Movant's Motion. As a complaint under § 523(a)(3)(B) may be brought at any time, there is no need for the Movant to proceed under § 523(a)(4); her first and primary remedy is to initiate an independent cause of action under § 523(a)(3)(B), not to seek leave, on equitable grounds, to file a complaint under § 523(a)(4). *See Morales v. TWA*, 504 U.S. 374, 381, 112 S.Ct. 2031, 2035, 119 L.Ed.2d 157 (1992) (courts of equity should not act when the moving party has an adequate remedy at law). Still, this does not necessarily make the Movant's allegations under § 523(a)(4) superfluous.

The party moving to have a debt excepted from discharge under § 523(a)(3)(B) carries the burden of proof. *Jones v. Warren Construction (In re Jones)*, 296 B.R. 447, 449 (Bankr. M.D.Tenn. 2003). As a part of this burden, not only must the Movant show a lack of timely notice or actual knowledge of the Debtor's bankruptcy case, but she must also establish that she holds a debt "of the kind specified in paragraph (2), (4), or (6)" of § 523(a). *Staffer v. Predovich (In re Staffer)*, 306 F.3d 967, 971 (9th Cir. 2002). Although there is some disagreement as to the exact standard of proof applicable to the "of the kind" language referenced in this provision, with three different views

Page 4

In re Victoria Sieger
Case No. 05-74783

having emerged,[1] this much is clear with respect to the Movant's § 523(a)(4) allegations: if she is able to sustain her evidentiary burden under § 523(a)(4), she will likewise be able to sustain her § 523(a)(3)(B) burden of showing that she holds a debt "of the kind" set forth § 523(a)(4).

All the same, and while not directly passing on the issue, the Movant's entire action, whether under § 523(a)(4) or § 523(a)(3)(B), may ultimately be for naught. For a Chapter 7 debtor, a bankruptcy discharge only extends to prepetition debts and claims. 11 U.S.C. § 727(b). However, the facts as presented to the Court tend to show that any claim[2] held by the Movant against the Debtor arose postpetition, with the first allegation of the Debtor's wrongful conduct occurring over six months after the petition date when the Debtor withdrew approximately $35,000.00 from the Movant's bank account. Resultantly, any claim held by the Movant may not, in the first instance, be subject to the order of discharge entered in this case.

In conclusion, the Court finds that, to the extent the Movant holds a claim in bankruptcy against the Debtor, she has the right to commence an action against the Debtor under 11 U.S.C.

---

[1] The three views that have emerged may be classified as the automatic approach, the strict approach and the colorable claim approach. Under the automatic approach, a debtor's failure to timely schedule a creditor, which then prevents the creditor from receiving notice or having actual knowledge of the case, automatically excepts from discharge the omitted creditor's claim for purposes of § 523(a)(3). No further showing is needed by the creditor. Inapposite to this approach is the strict approach which requires that the creditor actually prove the merits of its claim under §§ 523(a)(2), (4), or (6), as well as a lack of notice or actual knowledge, to sustain an action under § 523(a)(3). Finally, the colorable claim approach strikes a middle ground, requiring only that the creditor establish that it has a viable claim under either §§ 523(a)(2), (4), or (6) to sustain its action under § 523(a)(3). But, as this particular matter is not before the Court at this time, the Court declines to make any ruling on which of these approaches, if any, is proper. *See Haga v. National Union Fire Insurance Company of Pittsburgh, Pa. (In re Haga)*, 131 B.R. 320 (Bankr. W.D.Tex.1991) (providing a complete discussion of all three approaches).

[2] 11 U.S.C. § 101(5)(A), defining a "claim" as any "right to payment[.]"

In re Victoria Sieger
Case No. 05-74783

§ 523(a)(3)(B), notwithstanding the expiration of the 60-day time limit set forth in Bankruptcy Rule 4007(c). Furthermore, since this right to commence an action under § 523(a)(3)(B) exists independent of the Trustee's action to revoke discharge, the Debtor's argument, that the Trustee's action should operate as bar against the Movant's complaint, must be rejected. 28 U.S.C. § 157(b)(2)(I)/(J); FED.R.BANK.P 7001(4)/(6).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, as provided in this Decision, it is

**ORDERED** that the Motion of Angela Casalduc for Leave to File an Adversary Complaint, be, and is hereby, GRANTED.

Dated: January 10, 2007

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 6

# *CERTIFICATE OF SERVICE*

Copies were mailed this 10th day of January, 2007 to:

Angela Casalduc
1001 Columbus Ave
Sandusky, OH 44870

K Ronald Bailey
PO Box 830
220 W Market St
Sandusky, OH 44871-0830

Household Bank (SB), N.A.
Bass & Associates, P.C.
3936 E. Ft. Lowell Rd.
Suite 200
Tucson, AZ 85712-1083

Nichlas P. Spallas
3936 E. Ft. Lowell Rd
#200
Tucson, AZ 85712

Ericka S Parker
33 S. Michigan
Suite 203
Toledo, OH 43604

Victoria A. Sieger
1036 Cement Avenue
Sandusky, OH 44870

Richard J Szczepaniak
PO Box 501
Toledo, OH 43697-0501

Daniel L McGookey
414 Wayne St
Sandusky, OH 44870

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court